UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-300 SPM |
| JOHN DOE-1, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff Oscar Garner, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, filed this civil rights action on February 26, 2024. [ECF No. 1]. Plaintiff is a "three striker" within the meaning of 28 U.S.C. § 1915(g), and unless he is in imminent danger at the time of the filing of his complaint, he may not proceed in forma pauperis in this action.[1] However, plaintiff has neither moved to proceed in forma pauperis and provided a copy of his six-month account statement, nor paid the $405 filing fee. Thus, plaintiff will be required not only to amend his pleading on a Court-provided form, but also to either pay the full filing fee or file a motion to proceed in forma pauperis, along with a copy of his certified account statement. He shall have twenty-one (21) days to do so.

---

[1] *See Garner v. Huibregtse, et al.,* No. 3:09-cv-301-SLC (W.D. Wis. July 28, 2009) (district court dismissed plaintiff's action for failure to state a claim based on res judicata, and assessed a strike under 28 U.S.C. § 1915(g)); *Garner v. Kirby*, No. 3:14-cv-545-JDP (W.D. Wis. Feb. 9, 2017) (district court dismissed plaintiff's action for factual frivolousness, and assessed a strike under 28 U.S.C. § 1915(g)); and *Garner v. Hill, et al.,* No. 2:17-cv-51-LA (E.D. Wis. Mar. 1, 2017) (district court dismissed plaintiff's action for failure to state a claim, and assessed a strike under 28 U.S.C. § 1915(g)). Based on plaintiff's previous filings, the United States District Court for the Western District of Wisconsin specifically determined that plaintiff was subject to the three-strikes provision of 28 U.S.C. § 1915(g). *See Garner v. Esser, et al*., No. 3:17-cv-561-JDP (W.D. Wis. Sept. 13, 2017 (discussing plaintiff's prior strikes and determining that he could not proceed in forma pauperis).

Plaintiff brings two claims in his amended complaint against five John Does and one Jane Doe,[2] as well as one named defendant, a Correctional Officer named Elizabeth Wiles. However, plaintiff does not appear to have made any allegations against Correctional Officer Wiles in his complaint.

Plaintiff first asserts that in late December of 2023, he received a conduct violation and was sentenced to the Administrative Segregation Unit at ERDCC. Plaintiff alleges that because he was not given a hearing in a timely manner relative to his assignment in the Administrative Segregation Unit, his due process rights were violated, and when he was finally provided a hearing, the alleged violation changed from what he was told his initial violation was.[3]

For his second claim, plaintiff asserts that although there is a policy of allowing inmates in Administrative Segregation to obtain medical service requests (MSRs) or "sick call," in practice, inmates are not provided time with the doctor when they request such services.[4]

---

[2]Plaintiff's claims against the John Does and Jane Doe are unable to proceed as currently pled. Generally, fictitious parties may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has failed to make specific allegations as to each John and Jane Doe defendant such that their identities can be ascertained. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the defendants identified as John and Jane Does are subject to dismissal as currently pled.

[3]This claim does not allege plaintiff is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g). Additionally, pursuant to *Sandin v. Conner,* 515 U.S. 472, 484 (1995), plaintiff has not properly alleged that his time in Administrative Segregation between December 24, 2023, and the present was an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). Thus, as currently pled, this claim is subject to dismissal.

[4]Plaintiff alleges that he has irritable bowel syndrome (IBS), and that he ran out of medication for his disorder prior to arriving at ERDCC on December 12, 2023. **This appears to be prior to his admission in the Administrative Segregation Unit on December 24, 2023.** He asserts that Jane Doe nurse told him on February 5, 2024, while at his cell door, that he should stop submitting almost daily MSRs to the John Doe defendants because it would "be a while before" he could be seen or examined. She allegedly told him they had a "whole prison to worry about." Although plaintiff indicates that it has been painful to use the restroom without his medication, and he indicates that he has felt nausea, dizziness and some vomiting, he does not indicate when these symptoms occurred. In other words, did the symptoms occur prior to the time he filed this

Because plaintiff is proceeding pro se, the Court will allow him the ability to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

In addition, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

---

complaint (and his entrance into Ad-Seg) on December 24, 2023, given that he was without medication at that time? Additionally, as noted above, plaintiff has failed to indicate the names of any defendants in this action which he believes should be held liable. The Court must inquire into several of these issues prior to ascertaining whether plaintiff may proceed in the action.

3

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.

**IT IS FURTHER ORDERED** that if plaintiff submits a motion to proceed in forma pauperis in this matter, he must include a copy of his prison account statement with his motion.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to have the Missouri Department of Corrections immediately comply with his request, submitted on February 1, 2024, for a six-month account statement [ECF No. 3] is **DENIED AT THIS TIME**. If plaintiff is unable to obtain an account statement from the Missouri Department of Corrections, he must explain in his amended complaint why he was unable to do so.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 12th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE